UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Jamie Moorby<br>2919 10th Street, NE<br>Washington, DC 20001<br><br>    PLAINTIFF<br><br>  vs.<br><br>Innovative Product Solutions Group,<br>L.L.C. d/b/a NuPharma<br>4045 Sheridan Ave. #363<br>Miami Beach, FL 33140,<br><br>    DEFENDANT | Judge _____<br>Civil Action No. _____ |

COMPLAINT
(Consumer Protection)

THE PARTIES

1. Plaintiff Jamie Moorby is a citizen of Washington, DC residing at 2919 10th Street, NE. Plaintiff brings this action on behalf of herself and the general public.

2. Based on information and belief, Defendant Innovative Product Solutions Group, LLC ("IPSG" or "Defendant") is a Florida Limited Liability Company with a principal place of business at 4616 550 Cypress Creek Rd, Suite 120, Ft. Lauderdale, FL.

3. Based on information and belief, Defendant does business under the name NuPharma.

-1-

4.   Based on information and belief, the registered agent for Defendant is Judith Kenney, 777 Brickell Ave., Suite 1070, Miami, FL 33131.

JURISDICTION AND VENUE

5.   This court has jurisdiction over the defendant pursuant to D.C. Code § 13-423(a) and D.C. Code § 13-334 (2005).

6.   This court has jurisdiction over the subject matter pursuant to 28 USC § 1332 (2005).

7.   Venue is properly based in this District under 28 USC § 1391(a) (2005).

THE TRANSACTION

8.   On November 2, 2006 Plaintiff purchased Cholestsorb Plus with Garlic (the "Product") for $29.99 plus tax at the retail store CVS Pharmacy.

REGULATORY FRAMEWORK

9.   In the preamble to the June 6, 2000 final rule on structure/function claims, the Food and Drug Administration (FDA) notes that "elevated cholesterol is a sign of hypercholesterolemia and an important risk factor for heart disease." 65 FR 1000 at 1018.  The FDA concludes that the claim

"'lowers cholesterol,' however qualified, is an implied disease claim." Id. at 1019.

10. A product is a drug under § 201(g)(1)(B) of the Federal Food, Drug, and Comestic Act ("the Act") if it is intended to treat, mitigate, cure or prevent disease.

11. A product which is not generally recognized as safe and effective when used as labeled is a new drug under § 201(p) of the Act.

12. Under § 505 of the Act, a new drug may not be legally marketed in the United States without an approved New Drug Application (NDA).

13. Pursuant to 21 U.S.C. 350b(a)(2), a manufacturer or distributor of a dietary supplement that contains a new dietary ingredient must submit certain information to the FDA at least 75 days before the dietary ingredient is introduced into interstate commerce. This information must include the basis on which the manufacturer or distributor has concluded that a dietary supplement containing a new dietary ingredient will reasonably be expected to be safe.

14. Additionally, under section 350b(a)(2), there must be a history of use or other evidence of safety establishing that the dietary ingredient, when used under the conditions recommended or suggested in the labeling of the new dietary ingredient, will reasonably be expected to be safe.

15. A dietary ingredient which does not comply with the evidence of safety requirement of 350b(a)(2) is deemed to be adulterated under 21 U.S.C. 342(f)(1)(B) because there is inadequate information to provide reasonable assurance that the new dietary ingredient does not present a significant or unreasonable risk of illness or injury.

16. A premarket notification to the FDA must comply with the regulations found at 21 CFR 190.6.

17. On July 31, 2002, FDA issued a letter of objection to Country Life over products containing Esterin. The letter stated that the claims "Natural Cholesterol Blocker," "Cholesterin—the better way to beat cholesterol," "Nutritional Support for Borderline Cholesterol," "CHOLESTERIN is the best way to naturally help maintain healthy cholesterol levels," "Cholesterin is the natural choice for healthy cholesterol management," "Lowers LDL Cholesterol up to 21%. Improves HDL/LDL ration [sic] by as much as 63%," "...cholesterol formula," "CHOLESTERIN PLUS has Non-Flush Niacin which supports healthy cholesterol levels and healthy rations of LDL (bad) cholesterol ...," "Only CHOLESTERIN PLUS combines ... which both lowers LDL (bad) cholesterol ...," and "...fosters support for healthy cholesterol levels and healthy ratios of LDL (bad) cholesterol ...." are prohibited under 21 USC § 343(r)(6).

DEFENDANT'S COURSE OF CONDUCT

18. Based on information and belief, IPSG has advertised, offered for sale, sold, and distributed the Product in interstate commerce for human consumption under the trade name Cholestsorb ("the Product") as defined under the Act.

19. Based on information and belief, Defendant IPSG owns or operates one or more websites through which consumers can directly purchase the Product.

20. Based on information and belief, the web sites through which consumers may directly purchase the Product include, but are not necessarily limited to, www.dldewey.com, www.cholestsorb.com and www.oxegenakg.com.

21. Based on information and belief, Defendant has sold or offered for sale the Product to residents of the District of Columbia through its interactive web site or sites.

22. Based on information and belief, Defendant has sold or offered for sale the Product to residents of the District of Columbia by providing a faxable order form on its web site or sites.

23. Based on information and belief, visitors to the web site www.dldewey.com can subscribe to receive, by e-mail or postal mail, Defendant's monthly newsletter.

24. Based on information and belief, Defendant's newsletter has been sent by postal mail to residents of the District of Columbia.

25. Based on information and belief, Defendant derives substantial revenue from customers in the District of Columbia through its call center, web site, or faxable order form.

26. Based on information and belief, Defendant has derived substantial revenue from the sale of the Product in CVS stores in the District of Columbia.

27. Based on information and belief, Defendant held a sweepstakes in 2000 which was advertised in various USENET groups.

28. The product page for Cholestsorb includes the following statements:

"Patented, clinically proven Cholestsorb contains Esterin Alfalfa Extract to help block and eliminate cholesterol from the body before entering the liver";

"Cholestsorb™ is formulated for those seeking a non-prescription solution";

"Cholestsorb™ is a dietary supplement that helps (neutralizes) cholesterol in the stomach, thereby preventing new cholesterol from reaching the bloodstream";

"By blocking new cholesterol, Cholestsorb™ allows the body to naturally rid itself of old cholesterol";

"The scientific results on both LDL and HDL cholesterol show the active ingredients in Cholestsorb™ may influence the HDL/LDL ratio between 63% up to 96% in some individuals"; and

"Cholestsorb™ has been shown in clinical studies to influence LDL 'bad' cholesterol levels between 21% up to 37%, while simultaneously influencing HDL 'good' cholesterol levels between 26% up to 52% in some individuals, with no change in diet or exercise."

29. One or more of the pages on the websites mentioned in Paragraph 20 contain the following words or phrases embedded in the META keywords portion of the HTML code: "healing," "prevention," "cures," "cancer," "remedies," "cold," "flu," "arthritis," "pain," "migraines," "depression," "anxiety," "disease," "symptoms," "pms," "healing," "hiv," "aids," "cfs," "leukemia," "chronic fatigue syndrome," "down's syndrome," and "cystic fibrosis."

30. The Product contains saponins extracted from alfalfa, which individually and collectively constitute new dietary ingredients.

31. Defendant failed to submit a premarket notification to the FDA for the new dietary ingredients contained in the Product.

32. The statements made by Defendant for the Product suggest that it is intended to treat, prevent, cure or mitigate hypercholesterolemia.

33. The statements made by Defendant for the Product suggest that it is intended to treat, prevent, cure or mitigate coronary heart disease.

34. Defendant has marketed the Product to consumers in the District of Columbia without an approved NDA.

**FIRST CAUSE OF ACTION:**

**VIOLATIONS OF D.C. CODE § 28-3904(a) (2005)**

35. This Count realleges and incorporates by reference Paragraphs 1-34.

36. Through the use of the tradename Cholestsorb and through Defendant's websites, package labeling, and other means, it has represented, expressly or by implication, that the Product has been clinically proven to be safe and effective for the treatment, prevention, cure or mitigation of hypercholesterolemia or its symptoms.

37. In truth and in fact the Product has not been clinically proven to be safe and effective for the treatment, prevention, cure or mitigation of hypercholesterolemia or its symptoms.

38. Through the use of the tradename Cholestsorb and through Defendant's websites, package labeling, and other means,

it has represented, expressly or by implication, that the Product has been clinically proven to be safe and effective for the treatment, prevention, cure or mitigation of coronary heart disease or its symptoms.

39. In truth and in fact the Product has not been clinically proven to be safe and effective for the treatment, prevention, cure or mitigation of coronary heart disease or its symptoms.

40. Through the use of the tradename Cholestsorb and through Defendant's websites, package labeling, and other means, it has represented, expressly or by implication, that the Product has been clinically proven to help block and eliminate cholesterol from the body before it enters the liver.

41. In truth and in fact, the Product is not clinically proven to help block and eliminate cholesterol from the body before it enters the liver.

42. Defendant has violated § 28-3904(a) by representing that the Product has the characteristics, uses and benefits described in Paragraphs 36, 38, and 40, and incorporated here by reference, which in fact it does not have. Defendant IPSG made these representations in willful disregard for the rights of consumers.

**SECOND CAUSE OF ACTION:**

**VIOLATIONS OF D.C. CODE §§ 28-3904(e) and (f) (2005)**

43.  This Count realleges and incorporates by reference paragraphs 1-42.

44.  Through the use of the tradename Cholestsorb and through its web site, package labeling and other means, Defendant IPSG has represented, expressly or by implication that:

   a. The Product significantly lowers serum cholesterol levels.
   b. The Product significantly lowers serum cholesterol levels without changes in diet.
   c. The Product significantly reduces blood triglyceride levels.
   d. The Product lowers LDL cholesterol, improves HDL cholesterol and improves the HDL to LDL cholesterol ratio.
   e. The Product is effective in treating elevated cholesterol levels.

45.  Through the use of the tradename Cholestsorb and through its web site, package labeling and other means, Defendant has represented, expressly or by implication that it possessed and relied upon a reasonable basis that substantiated the representations set forth in Paragraph 44 at the time the representations were made.

46. In truth and in fact, Defendant did not possess and rely upon a reasonable basis that substantiated the claims set forth in Paragraph 44 above at the time the representations were made.

47. Defendant knew or should have known that the statements made in Paragraph 44 were false or misleading.

48. Defendant has violated D.C. Code § 28-3904(e) and (f) by misrepresenting or omitting material facts which tend to mislead consumers, as described in Paragraphs 45 and 46. Defendant's misrepresentations or omissions were made in willful disregard for the rights of consumers.

**THIRD CAUSE OF ACTION:**

**VIOLATIONS OF D.C. CODE § 28-3904(x)**

49. This Count realleges and incorporates by reference paragraphs 1-48.

50. Defendant has violated D.C. Code § 28-3904(x) by selling consumer goods in a condition or manner not consistent with that warranted by operation or requirement of federal law, as described in Paragraphs 51-57 below. Defendant acted in willful disregard for the rights of consumers.

51. Defendant has violated the requirements of 21 USC § 355 by delivering into interstate commerce a new drug, the Product, without an approved NDA.

52. The Product is a misbranded drug under 21 USC § 352(a) because its labeling is false or misleading.

53. Defendant has violated 21 USC § 331(a) by delivering into interstate commerce, the Product, a misbranded drug.

54. The Product is an adulterated supplement under 21 U.S.C. 342(f)(1)(B).

55. Defendant has violated 21 USC § 331(a) by delivering into interstate commerce, the Product, an adulterated food.

56. Defendant has violated 21 USC § 331(v) by introducing or delivering for introduction into interstate commerce a dietary supplement, the Product, that is unsafe under 21 USC § 350b.

57. The acts and practices of Defendant as alleged in this complaint constitute unfair or deceptive acts or practices, and the making of false advertisements, in or affecting interstate commerce in violation of Sections 5(a) and 12 of the Federal Trade Commission Act.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests this Court, pursuant to D.C. Code § 28-3905(k)(1) and its own equitable powers, to:

(1) Enter judgment against Defendant and in favor of Plaintiff for each violation alleged in this complaint;

(2) Award Plaintiff a civil monetary penalty of $1,500.00;

(3) Award Plaintiff punitive damages of $75,000.00;

(4) Award Plaintiff costs and reasonable attorney's fees;

(5) Temporarily, preliminarily, and permanently enjoin Defendants from engaging in, or assisting others engaged in, violations of D.C. Code § 28-3904 (2005);

(6) Award Plaintiff any other relief which the Court deems proper.

Respectfully Submitted,

/s/ Jeffrey Light

Jeffrey L. Light
D.C. Bar #485360
Patients not Patents, Inc.
1712 Eye St., NW
Suite 915
Washington, DC 20006
(202)277-6213

Attorney for Plaintiff

## I (a) PLAINTIFFS

Jamie Moorby

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   11001
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Jeffrey Light
Patients not Patents
1712 Eye St., NW Suite 915
Washington, DC 20006     Phone: 202-277-6213

## DEFENDANTS

Innovative Products Solutions Group, LLC

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT   88888
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF

CASE NUMBER  1:06CV02011

JUDGE: Emmet G. Sullivan

DECK TYPE: General Civil

DATE STAMP: 11/27/2006

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
○ 2 U.S. Government Defendant
○ 3 Federal Question (U.S. Government Not a Party)
⊗ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ⊙ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ⊙ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

○ **A. Antitrust**
- [ ] 410 Antitrust

○ **B. Personal Injury/Malpractice**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Medical Malpractice
- [ ] 365 Product Liability
- [ ] 368 Asbestos Product Liability

○ **C. Administrative Agency Review**
- [ ] 151 Medicare Act

Social Security:
- [ ] 861 HIA ((1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g)
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g)

Other Statutes
- [ ] 891 Agricultural Acts
- [ ] 892 Economic Stabilization Act
- [ ] 893 Environmental Matters
- [ ] 894 Energy Allocation Act
- [ ] 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

⊙ **E. General Civil (Other)**   OR   ○ **F. Pro Se General Civil**

**Real Property**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent, Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**Personal Property**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**Bankruptcy**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**Prisoner Petitions**
- [ ] 535 Death Penalty
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition

**Property Rights**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 840 Trademark

**Federal Tax Suits**
- [ ] 870 Taxes (US plaintiff or defendant
- [ ] 871 IRS-Third Party 26

**Forfeiture/Penalty**
- [ ] 610 Agriculture
- [ ] 620 Other Food &Drug
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 630 Liquor Laws
- [ ] 640 RR & Truck
- [ ] 650 Airline Regs
- [ ] 660 Occupational Safety/Health
- [ ] 690 Other

**Other Statutes**
- [ ] 400 State Reapportionment
- [ ] 430 Banks & Banking
- [ ] 450 Commerce/ICC Rates/etc.
- [ ] 460 Deportation

- [ ] 470 Racketeer Influenced & Corrupt Organizations
- [ ] 480 Consumer Credit
- [ ] 490 Cable/Satellite TV
- [ ] 810 Selective Service
- [ ] 850 Securities/Commodities/Exchange
- [ ] 875 Customer Challenge 12 USC 3410
- [ ] 900 Appeal of fee determination under equal access to Justice
- [ ] 950 Constitutionality of State Statutes
- [X] 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| G. Habeas Corpus/ 2255 | H. Employment Discrimination | I. FOIA/PRIVACY ACT | J. Student Loan |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| K. Labor/ERISA (non-employment) | L. Other Civil Rights (non-employment) | M. Contract | N. Three-Judge Court |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ⦿ 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
28 USC 1332 (Diversity) Violations of D.C.'s Consumer Protection and Procedure Act

**VII. REQUESTED IN COMPLAINT**  CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐   DEMAND $ 76,500   Check YES only if demanded in complaint   JURY DEMAND: YES ☐  NO ☒

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐  NO ☒   If yes, please complete related case form.

**DATE** 24 November, 2006  11/27/06

**SIGNATURE OF ATTORNEY OF RECORD** [signature]

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

   I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

   III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

   IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

   VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

   VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.