UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JAMIE MOORBY,<br><br>       Plaintiff,<br><br>       v.<br><br>INNOVATIVE PRODUCT SOLUTIONS GROUP, LLC,<br><br>       Defendant. | Civil Action No. 06-2011(EGS) |

### ORDER

Pending before the Court is plaintiff's motion for default judgment. A district court clerk can enter a default judgment "upon affidavit of the amount due," but only if "the plaintiff's claim against a defendant is for a sum certain." Fed. R. Civ. P. 55(b)(1). The latter phrase means that the amount of the judgment must follow the establishment of liability "with mathematical certainty." *Combs v. Coal & Mineral Mgmt. Serv., Inc.*, 105 F.R.D. 472, 474 (D.D.C. 1984). In this case, neither requirement of Rule 55(b)(1) has been met. The court is allowed to enter default judgment in situations where a clerk's entry is inappropriate. Fed. R. Civ. P. 55(b)(2). "[U]nless the amount of damages is certain, the court is required to make an independent determination of the sum to be awarded." *Adkins v. Teseo*, 180 F. Supp. 2d 15, 17 (D.D.C. 2001). "The court need not

1

make this determination through a hearing," but instead "may rely on detailed affidavits or documentary evidence to determine the appropriate sum." *Id.* No such evidence has been provided in this case.

Moreover, raising the issue of subject matter jurisdiction *sua sponte*, the Court finds plaintiff's assertion of diversity jurisdiction under 28 U.S.C. § 1332 to be questionable. *See Hunter v. Dist. of Columbia*, 384 F. Supp. 2d 257, 259-62 (D.D.C. 2005) (finding "to a legal certainty that the compensatory damages alleged, in combination with any constitutionally permissible punitive damages award, do not reach the jurisdictional threshold of $75,000," and thus holding that the court lacked diversity jurisdiction). Accordingly, it is

**ORDERED** that plaintiff shall show cause why this case should not be dismissed for lack of jurisdiction; and it is

**FURTHER ORDERED** that plaintiff shall supplement its motion for default judgment with the evidentiary materials required by Rule 55; and it is

**FURTHER ORDERED** that plaintiff shall address both of these matters by no later than **May 3, 2007.**

**SO ORDERED.**

**Signed:   Emmet G. Sullivan**
**          United States District Judge**
**          April 12, 2007**